# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**TOMMIE PERRIS CRAWFORD,**

                Petitioner,

     v.                                     CASE NO. 10-3108-RDR

**UNITED STATES BUREAU OF PRISONS, et al.,**

                Respondents.

## O R D E R

Before the court is a pro se pleading titled as a "Civil Action Complaint," submitted by a prisoner incarcerated in the United States Penitentiary in Leavenworth, Kansas (USPLVN). Having reviewed the record, the court finds this action essentially repeats claims asserted in a previous action petitioner filed in the District of Kansas.[1]

Petitioner is currently serving a sentence imposed in the United States District Court for the District of Minnesota upon petitioner's conviction on charges related to the possession of drugs and a firearm. See United States v. Crawford, Criminal Case No. 05-294 (D.Minnesota), *aff'd*, 487 F.3d 1101 (8th Cir. 2007). As in petitioner's 2009 case in the District of Kansas, petitioner seeks to extinguish all criminal liability for his conviction by registering that criminal judgment in the State of Minnesota, by serving notice of a counterclaim and a petition for his release to defendants, and by delivering a self-styled private indemnity bond

---

[1] *See* Crawford v. United States, Case No. 09-3078-RDR.

to offset all debt related to that judgment.

In the 2009 case, this court construed petitioner's demand for release and to quash the criminal judgment as sounding in habeas corpus with 28 U.S.C. § 2255 being petitioner's exclusive remedy, and dismissed the action finding no jurisdiction under 28 U.S.C. § 2241 to consider petitioner's claims.[2]

In the present case, petitioner again advances the same claims which continue to sound in habeas corpus, but now names the United States Bureau of Prisons and the USPLVN Warden as defendants. To the extent petitioner may be attempting to fashion this action as challenging the execution of his sentence so as to proceed under 28 U.S.C. § 2241 in the District of Kansas,[3] his claims are frivolous and present no viable legal basis for relief under § 2241.[4] To the extent petitioner is once more attempting to challenge the validity of his federal conviction and sentence, this court has previously determined it has no jurisdiction under § 2241 to consider any such claim.

For these reasons, the court construes the instant action as

---

[2] The court summarily denied the complaint on June 12, 2009. On July 15, 2009, the court denied petitioner's motion to alter and amend that final judgment. Petitioner filed no appeal.

[3] See Rumsfeld v. Padilla, 542 U.S. 426, 447 (2004)(a federal inmate's challenge the execution or manner in which his sentence is served is to be filed under 28 U.S.C. § 2241 in the court having jurisdiction over the prisoner's custodian).

[4] The United States district courts are authorized to grant a writ of habeas corpus to a prisoner only upon a showing by the prisoner that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Uniform Commercial Code (UCC) is not relevant to petitioner's federal conviction, and is not itself federal law. See e.g. Gilbert v. Monaco Coach Corp., 352 F.Supp.2d 1323, 1329 (N.D.Ga. 2004). Instead, the UCC offers petitioner support only to the extent its provisions have been codified as state law.

one seeking habeas corpus relief under § 2241, and denies the petition. 28 U.S.C. § 2243.[5]  Petitioner's motion for summary judgment and related court orders is denied as moot.

IT IS THEREFORE ORDERED that this action is construed by the court as one seeking habeas corpus relief under 28 U.S.C. § 2241, and that petitioner is granted leave to proceed in forma pauperis in this matter as so construed.

IT IS FURTHER ORDERED that petitioner's application for habeas corpus relief is denied, and that all pending motions are dismissed as moot.

**IT IS SO ORDERED.**

DATED:  This 30th day of June 2010, at Topeka, Kansas.


 s/ Richard D. Rogers
RICHARD D. ROGERS
United States District Judge

---

[5]See also Rule 4 of the Rules Governing Section 2254 Cases (applicable to habeas proceedings brought under § 2241, Rule 4 authorizes the court to screen out frivolous habeas applications); Mayle v. Felix, 545 U.S. 644, 655 (2005)(*citing* Advisory Committee's Note on Habeas Corpus Rule 4 which requires the petition "to state facts that point to a real possibility of constitutional error").