IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**TOMMIE PERRIS CRAWFORD,**

                    **Petitioner,**

     v.                                          CASE NO. 10-3108-RDR

**UNITED STATES BUREAU OF PRISONS, et al.,**

                    **Respondents.**

**O R D E R**

On June 30, 2010, the court granted petitioner leave to proceed in forma pauperis in this habeas corpus action as construed by the court, and denied all relief. Before the court is petitioner's motion for relief from judgment and a notice of appeal.

In his motion, petitioner objects to the court's construction of this pro se action as sounding in habeas corpus. Petitioner states he not demanding that his criminal judgment be quashed or vacated, but instead is making a good faith effort to offset the liability on that judgment by offering financial settlement of all claims "made against the interest of the Plaintiff by the United States" to secure petitioner's interest "in such property claimed by the United States" to obtain a money judgment and effect his discharge from confinement.

Petitioner also objects to the court granting him in forma pauperis status where leave to proceed in forma pauperis was not expressly requested, and where petitioner tendered a bond "based on the Plaintiff's exemption claimed as a credit to the court" for deposit in the United States Treasury. Petitioner argues the court

has a duty to deposit this tendered payment, and seeks a judgment for the amount owed to him, namely the face value of his one hundred billion dollar bond paid to him plus interest and cost.[1]

To the extent petitioner seeks relief from the court's characterization and denial of this action as habeas corpus, petitioner's motion for relief from judgment is denied. The court remains convinced the relief being sought sounds in habeas corpus. Even if the court accepts petitioner's assertion that he is not challenging the validity of his criminal judgment and sentence, petitioner's attempt to effect the Bureau of Prisons' execution of his federal sentence through presentation of a bogus commercial paper is patently frivolous.

To the extent petitioner objects to being granted in forma pauperis status, his motion for relief from judgment is denied as well.[2] Although petitioner submitted neither appropriate payment of

---

[1] Petitioner submitted a "SIGHT DRAFT" "TENDER AT PAR (HJR-192)" "Non-Negotiable" "Certified Private Indemnity Bond" with identifying numbers for the bond, UCC Contract Trust Account, and UCC Registration, dated May 12, 2010. The document directs one to "PAY AT SIGHT TO THE ORDER OF" the "UNITED STATES DISTRICT COURT FOR THE DISTRICT OF KANSAS" "ONE HUNDRED BILLION 00/00" "Dollars, and cites the "Department of the Treasury" at a Washington, D.C. address. The document further states it is "For bonding in the case of Tommie Perris Crawford v. United States Bureau of Prisons, USP Leavenworth and Claude Chester, in the U.S. District Court for the District of Kansas."

[2] Petitioner is advised that if this matter were to be treated as a non-habeas civil action, a $350.00 district court filing fee would apply. Absent proper payment of the $350 filing fee, petitioner would be required to seek and obtain leave to proceed in forma pauperis, 28 U.S.C. § 1915. If granted leave to proceed in forma pauperis in a non-habeas civil action without prepayment of the district court filing fee, petitioner would still be required to pay the full $350.00 fee over time as provided by § 1915(b)(1) and (2), and would be subject to the "3-strike" provision in § 1915(g) if the action is dismissed as frivolous or as stating no claim for relief.

the $5.00 district court filing fee,[3] nor a motion for leave to proceed in forma pauperis without prepayment of that fee, the court found further delay to submit the appropriate fee or forms was not necessary where the action was clearly subject to summary dismissal. Because petitioner's claim for relief is patently frivolous, the court certifies the appeal is not taken in good faith, and denies petitioner leave to proceed in forma pauperis on appeal. Fed.R.App.P. 24(a).

IT IS THEREFORE ORDERED that petitioner's motion for relief from judgment (Doc. 7) is denied.

IT IS FURTHER ORDERED that petitioner is denied leave to proceed in forma pauperis on appeal.

**IT IS SO ORDERED.**

DATED: This 21st day of July 2010, at Topeka, Kansas.

    s/ Richard D. Rogers
RICHARD D. ROGERS
United States District Judge

---

[3] The self styled $100 billion bond submitted with petitioner's documents is not acceptable payment of the $5.00 district court filing fee in this habeas action. See Guide to Judiciary Policy, Vol. 13, Ch.3 (as tender to effect payment, a court will generally accept "cash, a personal or cashier's check, money order, IPAC, or credit card"); District of Kansas "Filing Your Lawsuit in Federal Court: A Pro Se Guide," p.13 (listing options for paying court fees as personal checks, cashiers checks, money orders, credit card, or the exact amount of cash required).